IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONICA LINDSEY,

     Plaintiff,

vs.

CONTINENTAL LOANS, INC. OF OREGON,

     Defendant.

No. CIV S-07-2066 EFB

ORDER TO SHOW CAUSE RE JURISDICTION

This action is before the court upon the consent of the parties pursuant to 28 U.S.C. § 636(c)(1). The case was removed from Solano County Superior Court on the petition of defendant Continental Loans, Inc. of Oregon ("defendant") for removal predicated upon the court's diversity jurisdiction. *See* 28 U.S.C. § 1332. This court has a *sua sponte* obligation to ascertain its jurisdiction and must remand a removed for lack of subject matter jurisdiction where it is determined that the jurisdiction prerequisites of the statute are not met. *See* 28 U.S.C. § 1447(c). Having invoked the removal statute, defendant bears the burden of establishing this court's jurisdiction. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted). As explained below, it appears from the petition and the supporting papers that defendant has failed to meet this burden.

////

1

Diversity jurisdiction requires complete diversity of citizenship among the parties, as well as a minimum amount in controversy of over $75,000.00. *See* 28 U.S.C. § 1332. While it appears that diversity of citizenship is satisfied, defendant's petition does not demonstrate that the amount in controversy exceeds $75,000.00.

Plaintiff, Monica Lindsey, filed a complaint on August 14, 2007, in Solano County Superior Court alleging causes of action under the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §§ 1788-1788.32, relating to defendant's debt collections, specifically as they refer to phone calls and conversations between third-parties and defendant, which allegedly took place at plaintiff's place of employment. Nowhere in the complaint does plaintiff assign a value to the relief she seeks. Indeed, the only reference to an amount in controversy suggests that this case cannot satisfy the jurisdictional amount required for removal jurisdiction.[1] "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party *must prove*, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Insurance Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (emphasis added). Under Ninth Circuit precedent, "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).

The notice of removal simply states that "defendant is informed and believes the matter in controversy exceeds the sum of $75,000." Notice of Removal at 2:2-3. Although plaintiff prays for actual and punitive damages "in an amount to be determined at trial," the removal petition fails to discuss, much less prove, by a preponderance of the evidence, that the amount in

---

[1] The only sum specific plaintiff prays for by way of relief is "an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b)." Defendants' Notice of Removal, Complaint attached thereto, at 8:6-7.

1  controversy meets the jurisdictional threshold.

2  First, defendant fails to discuss the specific amount of damages that plaintiff may claim. "[S]peculative argument regarding the potential value of the award is insufficient" to establish the amount in controversy. *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (citing *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992)); *see also Matheson*, 319 F.3d at 1090-91 (conclusory statements as to the amount in controversy are also insufficient).  Second, defendant has failed to provide any analysis as to why this court should consider these specific damages in calculating the amount in controversy.  In short, the court has no way of assessing whether or not these damages will in fact, exceed $75,000.00.

"Because the 'removal statutes are strictly construed against removal,' *Libhardt v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979), generally speaking doubts about removal must be resolved in favor of remand." *Dodd v. John Hancock Life Ins. Co.*, 688 F. Supp. 564, 566 (E.D. Cal. 1988) (Karlton, J.); *see Matheson*, 319 F.3d at 1090.  Because the removal petition here does not appear to establish that the amount in controversy satisfies the $75,000 prerequisite for removal jurisdiction, defendant is ordered to show cause within 15 days why this case should not be remanded to the state court for lack of this court's subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

For the foregoing reasons, the defendant shall, within 15 days, show cause why the above-captioned case should not be remanded to the Superior Court of the State of California in and for the County of Solano.

SO ORDERED.

DATED: November 19, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE